PETER BLINK, Appellee, v. J. C. HUBINGER *et al.*, Appellants.

Master and Servant: DEFECTIVE APPLIANCES: PERSONAL INJURY: EVIDENCE. The defendants, having agreed to assist S., who was to use his own machinery and appliances, in raising a smoke stack, directed their foreman to take the plaintiff, and others in their employ, and help S. in that work. While thus engaged, the machinery used by S. in raising the stack, broke, the stack fell, and the plaintiff was injured. The plaintiff had for some time been regularly employed by the defendants, and one of the members of the firm was present during a part of the time that the stack was being raised. *Held*, that at the time of the injury the plaintiff was not the servant of S., but of the defendants, and that the latter were liable for the damages sustained.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

TUESDAY, JANUARY 23, 1894.

THIS is an action at law to recover damages for a personal injury received by the plaintiff while engaged in raising a smoke stack into an upright position. The smoke stack was part of an electric light plant owned by the defendants. While engaged in raising the stack with a derrick, the machinery and appliances connected therewith broke and gave way, and the stack fell, by reason of which the plaintiff was seriously injured. There was a trial by jury, and a verdict and judgment for seven hundred and fifty dollars, and the defendants appeal.—*Affirmed.*

*James H. Anderson* and *J. W. Cahill* for appellants.

*James C. Davis* and *A. Hollingsworth* for appellee.

ROTHROCK, J.—I. The pleadings are in the usual form in actions of this kind. The plaintiff charges negligence, on the ground that the machinery used to elevate the shaft was insufficient and defective, and that the defendants were negligent in ordering the plaintiff into a place of danger, without giving him necessary instructions to enable him to avoid the hazard in which he was placed. The defendants, in addition to a general denial, averred that the plaintiff was guilty of negligence, which contributed to produce the injury.

The plaintiff had been for several years employed by the defendants. His labor consisted in setting electric light poles, stretching wires, painting poles, and other service in connection with the plant. He was directed by the defendant, J. C. Hubinger, or rather the foreman under whom he worked was directed, to take the plaintiff and others, and assist in raising the stack. The stack was about thirty or forty inches in diameter, and about one hundred feet long, and it was to be raised, not merely in a perpendicular position on the ground, but the lower end was to be placed on a brick foundation some twenty-five feet high, so that, if the work had been completed, the top of the stack would have been about one hundred and twenty-five feet from the surface of the ground. When the machinery broke, and the stack fell, the plaintiff was engaged at work below with the windlass, by which the stack was being raised. The immediate cause of the crash was the breaking of the gin pole, and the giving way of a guy rope. There is not one word of evidence in the whole case from which any jury would be authorized in finding that the plaintiff was negligent. On the contrary, the facts ought to be regarded as undisputed

that he was free from any negligence. He was a common laborer, under the immediate direction of others, and had no reason to suspect that he was in any danger. The case has been elaborately argued, and a multitude of authorities cited by counsel for both parties. We must decline to review these authorities. The rules by which the rights of the parties must be determined are elementary, and have been so often applied by the courts, and so well understood by the profession, that they need no citation of cases for their support.

The above remarks are peculiarly applicable to what we regard as the only real question in the case. The question is, was the relation of the defendants to the plaintiff such that the defendants are not liable to him for the injury. This question is raised by the defendants. We may say in this connection that if the defendants were at the time the masters of the plaintiff, and he was their servant, working under their direction, the master would be liable for negligence in furnishing insufficient machinery and appliances with which to do the work; and, if the work was attended with danger which was not apparent to the servant and known to the master, it would be the duty of the master to warn the servant of the danger.

The ground upon which the defendants claim that they are not liable is that the plaintiff, at the time he was injured, was assisting one Sinton, who was an independent contractor, who had undertaken the work of raising the stack, and placing it in position, with his own machinery and appliances, which were being operated by Sinton. The defendants requested instructions embodying this view of the law, which were not given to the jury. We think they were rightly refused, because they were not applicable to the undisputed facts, as disclosed in evidence. It is shown beyond all question that the plaintiff was not an employee of Sinton. He was to receive no compensation from him,

He was under the pay of the defendants. The defendants were to furnish assistance in raising the stack, and, in pursuance of that obligation, the defendant Hubinger directed one Geltz, who was foreman of the gang to which the plaintiff belonged, to go with his men and assist in the work. The defendant J. C. Hubinger was personally present when the work was commenced, and remained there until a very short time before the disaster occurred. He was not only present, but he was active in giving directions. He was present until the stack was partly raised up, when he went up on a hill close by, and he stopped on the hillside, and saw that the gin pole was bending. Under this state of facts the defendants are liable to plaintiff, if any one is liable. It was on this theory that the case was submitted to the jury, with a clear and unobjectionable charge by the court upon the law of negligence and contributory negligence, applicable to the evidence introduced on the trial; and instructions requested by the defendants to be given to the jury, to the effect that the defendants were not liable if Sinton was an independent contractor, were rightfully refused. Other requests to charge were properly refused, because the same features of the case were correctly presented to the jury in the instructions given by the court.

II.   Other objections are made to the rulings of the court, which we need not specially mention. They appear to us to be without merit, and a separate consideration of them would serve no useful purpose. A full and careful examination of the whole case leads us to the conclusion that the verdict and judgment are not only right, but that no prejudicial error occurred in the trial in the district court. The facts attending the whole transaction are such, and the law applicable thereto is so plain, that there was no liability for any judge to fall into reversible error while presiding at the trial.

The judgment of the district court is AFFIRMED.